UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| LUCYNA CASTILLO, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CASE NO. 2:19-cv-166 |
| | ) |
| FRANCISCAN ALLIANCE, INC., | ) |
| | ) |
| Defendant. | ) |

**COMPLAINT AND DEMAND FOR JURY TRIAL**

**I.   NATURE OF THE CASE**

1. Plaintiff, Lucyna Castillo ("Castillo" or "Plaintiff"), by counsel, brings this action against the Defendant, Franciscan Alliance, Inc. ("Defendant"), alleging violations of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et. seq.*, the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.* and Family and Medical Leave Act of 1993, ("FMLA"), as amended, 29 U.S.C. §2601 *et seq.*

**II. PARTIES**

2. Castillo is a resident of the State of Indiana, who at all times relevant to this action resided within the geographical boundaries of the Northern District of Indiana.

3. Defendant maintains offices and conducts business within the geographical boundaries of the Northern District of Indiana.

### III.    JURISDICTION AND VENUE

4. Jurisdiction is conferred on this Court over the subject matter of this litigation pursuant to 28 U.S.C. §1331; 28 U.S.C. §1343; 28 U.S.C. §1367; 42 U.S.C. §12117; 42 U.S.C. §2000e-5(f)(3) and 29 U.S.C. §2617(a)(2).

5. Jurisdiction is conferred on Morrison's state law claims pursuant to 28 U.S.C. §1367 because her state law claims arise from the same common nucleus of operative facts as her federal law claims and all of his claims form a single case and controversy under Article III of the United States Constitution.

6. Defendant is an "employer" as that term is defined by 42 U.S.C. §12111(5)(A), 42 U.S.C. §2000e(b) and 29 U.S.C. §2611(4).

7. Castillo, at all times relevant, was an "eligible employee" as that term is defined by 29 U.S.C. §2611(2).

8. Castillo was an "employee" as that term is defined by 42 U.S.C. §12111(4) and 42 U.S.C. §2000e(f).

9. Castillo satisfied her obligation to exhaust her administrative remedies having timely filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") against Defendant alleging race and disability discrimination as well as retaliation. Castillo received the required Notices of her Right to Sue and timely files this action.

10. A substantial part of the events, transactions, and occurrences relevant to this lawsuit arose within the geographical environs of the Northern District of Indiana; thus, venue is proper in this Court.

## III. FACTUAL ALLEGATIONS

11. Castillo is a Hispanic female.

12. Castillo is a licensed Registered Nurse.

13. Castillo originally worked for Defendant beginning in 2006. She was wrongfully terminated in 2014 after needing to utilize FMLA following two car accidents that left her with a serious health condition.

14. After filing a complaint with Defendant's Human Resources, she was offered reemployment. She was rehired by Defendant in or about October 2015. Castillo served as a Critical Care Nurse. Her supervisor was Rachel Moody, Manager.

15. At all relevant times, Castillo has met or exceeded Defendant's legitimate performance expectations. Over her most recent three years of employment, Castillo received consistently positive evaluations of her performance, including an Above and Beyond Award, and her Clinical Competence was evaluated as Commendable.

16. On or about March 13, 2018, Castillo needed to take time off to take care of her daughter, who suffers from a serious health condition that would also be considered a disability under the ADA.

17. Castillo, who had been approved for leave to care for her daughter in the past, requested to be re-certified to take intermittent leave under the FMLA to continue to care for her daughter. Castillo's request was denied.

18. On March 15, 2018, Castillo met with Moody to discuss patient safety issues.

3

19.     On March 18, 2018, Defendant informed Castillo that she would be in charge and would work with a nurse who was floating to her department.  The float nurse came from the medical surgical unit and was not trained on critical care.  Castillo and the float nurse were the only two nurses on the IMCU Unit.

20.     Castillo presented her safety concerns to the Nursing Director. Specifically, Castillo felt that the she would be violating the Indiana Nurse Practice Act states that she was required to: (1) Communicate, collaborate, and function with other members of the health team to provide safe and effective care; (2) Delegate and supervise only those nursing measures which the nurse knows, or should know, that another person is prepared, qualified, or licensed to perform and (3) Retain professional accountability for nursing care when delegating nursing intervention.

21.     That day, two of the patients that were assigned to Castillo were confused and attempting to get out of bed.  As a result, these patients were to have ancillary staff available to watch them at all times, but there were no staff available. Castillo presented her concern with the lack of patient care to the Shift Nursing Director.

22.     On or about March 19, 2018, Defendant suspended Castillo's employment. Defendant alleged that Castillo had refused to take a patient, start an IV on a patient and process an admission.  As a result, Defendant concluded that Castillo was insubordinate.  To the contrary, Castillo completed all tasks assigned to her and the reports to the contrary were false.

23.     On  March 20, 2019, Castillo submitted an explanation for what had occurred on March 18, 2019.

24. On March 22, 2019, Castillo's mother fell and broke her hip requiring emergent treatment and in-patient care which Castillo was responsible for arranging.

25. Rather than offer or consider leave under the FMLA for Castillo's March 22, 2019 absence, Defendant terminated Castillo's employment effective March 30, 2018.

26. Similarly situated non-Hispanic and/or individuals not associated with an individual with a disability have not had their employment terminated for alleged insubordination. For example, Rhea Grosskurth refused care to a patient and was not disciplined nor terminated

## IV. CAUSES OF ACTION

### COUNT I: RACE DISCRIMINATION

27. Castillo hereby incorporates by reference paragraphs one (1) through twenty-six (26) of his Complaint as if the same were set forth at length herein.

28. Castillo was subjected to different terms and conditions of his employment based on her race.

29. Defendant's actions are in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e *et. seq.*

30. Defendant's actions were willful, intentional and done with reckless disregard for Castillo's legally protected rights.

31. Castillo has suffered damages as a result of Defendant's unlawful actions.

### COUNT II: DISABILITY DISCRIMINATION

32. Castillo hereby incorporates by reference paragraphs one (1) through thirty-one (31) of her Complaint as if the same were set forth at length herein.

33. Defendant discriminated against Castillo on the basis of her being associated with an individual with a disability, her daughter.

34. Defendant's actions were intentional, willful and in reckless disregard of Castillo's legally protected rights as protected by the Americans with Disabilities Act, as amended, 42 U.S.C. §12101 *et. seq.*

35. Castillo has suffered damages as a result of Defendant's actions.

### COUNT III – FMLA - INTERFERENCE

36. Castillo hereby incorporates paragraphs one (1) through thirty-five (35) of her Complaint.

37. Defendant unlawfully interfered with the exercise of Castillo's rights under the FMLA.

38. Defendant's actions were intentional, willful, and in reckless disregard of Castillo's rights as protected by the FMLA.

39. Castillo suffered damages as a result of Defendant's unlawful actions.

### COUNT IV – FMLA - RETALIATION

40. Castillo hereby incorporates paragraphs one (1) through thirty-nine (39) of her Complaint.

41. Defendant retaliated against Castillo for exercising her rights under the FMLA.

42. Defendant's actions were intentional, willful, and in reckless disregard of Castillo's rights as protected by the FMLA.

43. Castillo suffered damages as a result of Defendant's unlawful actions.

## COUNT V – WRONGFUL TERMINATION

44. Castillo hereby incorporates paragraphs one (1) through forty-three (43) of her Complaint.

45. Defendant terminated Castillo for refusing to engage in a practice that could lead to discipline on her nursing license.

46. Castillo suffered damages as a result of Defendant's unlawful actions.

## VI. REQUESTED RELIEF

WHEREFORE, Plaintiff, Lucyna Castillo, respectfully requests that this Court enter judgment in her favor and award her the following relief:

1. Reinstate Castillo to the position, salary and seniority level she would have enjoyed but for Defendant's unlawful actions; and/or payment to Castillo of front pay in lieu thereof;

2. All wages, benefits, compensation and other monetary loss suffered as a result of Defendant's unlawful actions;

3. Compensation for any and all other damages suffered as a consequence of Defendant's unlawful actions;

4. Compensatory damages;

5. Punitive damages for Defendant's violation of Title VII, the ADA and Indiana State law;

6. Liquidated damages for Defendant's violations of the FMLA;

7. Costs and attorney's fees incurred as a result of bringing this action;

8. Pre- and post-judgement interest on all sums recoverable; and

9. All other legal and/or equitable relief this Court sees fit to grant.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych
Andrew Dutkanych
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com

## DEMAND FOR JURY TRIAL

Plaintiff, Lucyna Castillo, by counsel, requests a trial by jury on all issues deemed so triable.

Respectfully submitted,

BIESECKER DUTKANYCH & MACER, LLC

By: /s/ Andrew Dutkanych
Andrew Dutkanych
411 Main Street
Evansville, Indiana 47708
Telephone: (812) 424-1000
Facsimile: (812) 424-1005
Email: ad@bdlegal.com